HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:     (646) 543-5848
Fax:     (646) 572-8998
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
JIAN CHENG LIU and FUQIANG GAO, on behalf of
themselves and all others similarly situated,                                         **COMPLAINT**

                                                  Plaintiffs,                **COLLECTIVE ACTION UNDER**
        -against-                                                           **29 U.S.C. §216(b) AND CLASS**
                                                                            **ACTION UNDER RULE 23**

KUENG CHAN, MAY TONG, SIMON CHAN,
WING KEUNG ENTERPRISES, INC. d/b/a WK FOODS,
and WK TRUCKING LLC. d/b/a WK FOODS,

                                                                            **JURY TRIAL DEMANDED**

                                                  Defendants.
-----------------------------------------------------------------------X

        Plaintiffs JIAN CHENG LIU and FUQIANG GAO, on behalf of themselves and all

others similarly situated (collectively "Plaintiffs"), by and through their undersigned attorneys,

allege as follows, upon personal knowledge as to themselves and on behalf of all other persons

similarly situated:

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over plaintiffs' federal claims pursuant to the

    Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331 and 1337.

2.  This Court has supplemental jurisdiction over plaintiffs' New York state claims

    pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### NATURE OF THE ACTION

4. This action is brought to recover unpaid wages owed to Plaintiffs and all other similarly situated current and former employees of Defendant as well as injunctive and declaratory relief against Defendant's unlawful actions, and attorneys' fees and costs.

5. Plaintiffs allege on behalf of themselves and on behalf of others similarly situated current and former employees of defendants that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., ("FLSA"), and the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived Plaintiffs and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) minimum wages for hours for which they were paid less than the minimum wages; (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (vi) pre-judgment interest; (v) attorneys' fees and costs; and (vi) appropriate injunctive relief.

6. Plaintiffs also bring this action on behalf of himself and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the wage-and-hour provision of the New York Labor Laws ("NYLL") by Defendants, that have deprived Plaintiffs and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) minimum wages for hours for

which they were paid less than the minimum wages; (iii) spread of hours claim pursuant to the NYLL; (iv) liquidated damages pursuant to the NYLL; (v) compensation for Defendants' violations of the Wage Theft Prevention Act ("WTPA"); (vi) pre-judgment interest; (vii) attorneys' fees and costs; and (viii) appropriate injunctive relief.

## THE PARTIES

7. The plaintiffs are individuals residing in the State of New York.

8. WING KEUNG ENTERPRISES, INC. d/b/a WK FOODS ("Wing Keung") is an entity formed in the State of New York on May 2, 2001.

9. Since its inception, Wing Keung had been operating a wholesale business located at 3140 College Point Blvd, Flushing, NY 11354-2527 for over 15 years. In early 2017, it moved to 810 South Broadway, Hicksville, NY 11801 to continue its business.

10. WK TRUCKING, LLC. d/b/a WK FOODS ("WK") is an entity formed in the State of New York on May 4, 2017.

11. Wing Keung has been previously sued in this district court two times in Chaohui Tang , et al v. Wing Keung Enterprises, Inc., Case No. 14-cv-390 ("Tang Litigation")  and Jun Kong v. Wing Keung Enterprises, Inc., et al, Case No. 15-cv-6228 ("Kong Litigation") by its former employees in connection with labor law violations. In both cases, judgments were entered by the Court against Wing Keung.

12. The plaintiffs in the Tang Litigation prevailed at a jury trial held in February 2017. The judgment in the Tang Litigation was entered on May 17, 2017. The defendants formed WK less than half a month before said judgment was entered, to transfer Wing Keung's business and assets to WK, with the intention to defraud the plaintiffs.

3

13. Upon information and belief, the defendants indeed transferred at least some business and assets to WK.

14. Keung Chan is the Chief Executive Officer of both Wing Keung and WK. At all relevant time, Keung Chan maintains control, oversight and direction over the operation of the business, including its employment and pay practices.

15. Keung Chan and his wife May Tong are shareholders of Wing Keung, each having 50% ownership interest.

16. Keung Chan is the sole owner of WK.

17. Upon information and belief, Wing Keung and WK conduct the same type of business, and share manpower and resources.

18. May Tong is the "boss lady" involved in the management of Wing Keung and WK. As a manager, she supervised the workers in general during the plaintiffs' employment. She is responsible for, among other things, overlooking employees' work schedules, compensation, and defendants' pay and recordkeeping practices.

19. Simon Chan is the son of Keung Chan and May Tong. He managed and oversaw the defendants' daily business activities in general as an officer and the General Manager.

20. The individual defendants, through their exercise of complete dominion over Wing Keung and WK, have committed a fraud against the plaintiffs.

21. Wing Keung and WK have disregarded the corporate formalities by, among other things, causing Wing Keung to fraudulently transfer its business and assets to WK.

22. The defendants have commingled Wing Keung and WK's corporate finance with each other, and with their own personal finance.

23. The defendants were aware of the labor law claims of its numerous employees and former employees, although such claims had not been formally asserted.

24. Therefore, the defendants set up multiple entities for the purpose of defrauding their employees and former employees who have claims against the defendants.

25. The defendants are therefore alter-egos of each other, thereby making each jointly and severally liable to the plaintiffs for the damages that the plaintiffs have suffered.

26. Other than personal liability available under the labor laws, the Court should also allow the plaintiffs to pierce the corporate/LLC's veil, and hold all defendants liable.

## THE DEFENDANTS' PERVASIVE AND SYSTEMIC FRAUDULENT LABOR LAW PRACTICES

27. The evidence unearthed in the Tang Litigation and the Kong Litigation revealed the defendants' pervasive and systemic fraudulent labor law practices.

28. At least several years ago, the defendants started to use modern technologies, such as facial recognition and fingerprint technologies, to create fraudulent employment records that appeared to be genuine in order to help them escape from liabilities under the labor laws.

29. However, the defendants secretly maintained another set of records contained in a 3-ring binder, which are the defendants' true payroll records.

30. The defendants required its employees, who generally did not have English ability, to sign off on fraudulent payroll calculations, in order to create a set of records to be used in wage and hours disputes to protect the defendants from labor law claims.

31. It was not until the late stage of the Kong Litigation that the documentary evidence of the defendants' fraudulent and systemic fraudulent labor law practices eventually came to light.

32. The key players in the defendants' pervasive and systemic fraud include their officer and General Manager Simon Chan, bookkeeper Grace Wong, Keung Chan, and May Tong.

33. Simon Chan played a very significant role in designing and implementing the defendants' fraudulent labor law practices. Simon Chan admitted that he managed the defendants' payroll department, and helped his parents, to wit, Keung Chan and May Tong, by setting up and maintaining the company's payroll records. Among other things, he was the one that was involved in the creation of the defendants' fraudulent "employment records." He would review and finalize the employee's timesheets, and provide the accompanying fraudulent documents to Grace Wong to give to the employees. Grace Wong would then present these fraudulent documents to the employees to obtain their signatures.

34. The Kong Litigation was quickly resolved after the plaintiff discovered evidence of the defendants' fraudulent practices and moved for sanctions. A significant judgment was entered, by consent, in favor of the plaintiff and against the defendants in the Kong Litigation.

35. The defendants' systemic fraudulent labor law practices apply to all of its workers such as drivers, laborers, and movers.

**PLAINTIFFS' FACTUAL ALLEGATIONS**

36. Plaintiff Jian Cheng Liu ("Liu") has been employed by Wing Keung since November 18, 2009. He initially performed miscellaneous work, then worked as a truck driver.

37. At the beginning of his employment as a driver, he was paid $2,400/month. He received raises periodically until his salary reached $3,300/month.

38. In early 2017, his compensation was changed to $800/week, then sometime later $825/week.

39. However, the above amounts did not cover Sundays. He was paid separately for Sundays at the rate of $80/day, which was increased to $100/day at a later time.

40. He generally worked 7 days a week until about February, 2017, then 6 days a week thereafter.

41. During his employment, he generally worked over 85 hours a week when he worked 7 days a week, and over 75 hours a week when he worked 6 days a week.

42. Plaintiff Fuqiang Gao ("Gao") has been employed as a driver by Wing Keung since about March 7, 2017.

43. When he was hired, he was told that among other things, his salary was $800/week.

44. He was paid sometimes a flat rate of $800/week, regardless of the number of hours worked. For the weeks for which he received less than $800/week, the management promised to make it up "next month."

45. He worked 6 days a week, over 75 hours a week.

46. During the plaintiffs' employment, although the defendants' records would show 30 minutes of meal time, the plaintiffs were generally not given any such meal time.

47. During the plaintiffs' employment, they generally would make deliveries only in the State of New York.

48. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

49. At all relevant times herein, each of Plaintiffs' hourly wages were less than the statutory federal and state minimum wages in effect at relevant times.

50. Defendants willfully failed to pay each of Plaintiffs an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods.

51. At all relevant times herein, the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations required defendants to pay plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

52. Defendants willfully failed to pay each plaintiff overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

53. In addition, defendants refused to provide each plaintiff written notice of their regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

54. Defendants failed to provide each plaintiff with accurate paystubs and W-2s as required by state and federal law.

55. As a result of these violations of federal and state law, plaintiffs are entitled to (1) unpaid overtime wages for overtime hours for which they were paid less than one and a half times their regular rate; (2) unpaid minimum wages for the amount which is less the statutory requirement; (3) liquidated damages, and all other remedies prescribed by statute; (4) injunctive relief to enjoin defendants from violations of federal and state law; (5) attorneys' fees and costs as provided by statute or otherwise; (6) and all other legal and equitable remedies this Court deems appropriate.

8

56. By the conduct described in this Complaint, Defendants have willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay its employee, including Plaintiffs, proper overtime and minimum wages as required by law.

## CLASS AND COLLECTIVE ALLEGATIONS

57. Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for the defendants who elect to opt in to this action (the "FLSA Collective").

58. The defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

59. Plaintiffs also bring this action on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedures.

60. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

61. The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

62. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

63. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    (a) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

    (b) What proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

    (c) Whether Defendants have failed to compensate Plaintiffs and the Rule 23 Class for work performed in excess of 40 hours per workweek with proper wages as required by law;

    (d) Whether Defendants have failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime and minimum pay for hours worked within the meaning of the New York Labor Law Article 6, §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    (e) Whether Defendants have failed to make spread of hours payments pursuant to the NYLL;

    (f) Whether Defendants have violated the statement and notice requirements under the WTPA;

    (g) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and

64. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work or have worked for Defendants in its

wholesale business and have not been paid proper wages for the hours that they have worked. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

65. Plaintiffs have retained counsel competent and experienced in labor and employment litigation. Especially, where nearly all members of the Rule 23 Class in this action are Chinese immigrants with very limited English proficiency, counsel's fluency in Chinese is indispensable in the adequate representation of the Rule 23 Class.

66. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment against Defendants' practices.

67. It has been Defendants' persistent policy, pattern and practice to fail to pay its drivers, laborers and movers proper wages as required by law.

68. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law. This pattern and practice include but is not limited to:

    (a) Willfully failing to accurately record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of the Defendants;

    (b) Willfully failing to keep accurate employment records as required by the FLSA and the NYLL;

    (c) Willfully failing to pay its employees, including Plaintiffs and the Class Members, minimum wages for hours that they worked per week;

    (d) Willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week;

    (e) Willfully failed to make spread of hours payments pursuant to the NYLL;

    (f) Willfully failing to meet the requirements under the WTPA.

69. Defendants' unlawful conduct has been widespread, repeated and consistent.


**<u>COUNT I</u>**
**Overtime Wages Under the Fair Labor Standards Act**
**(Brought on Behalf of Plaintiffs and the FLSA Collective)**

70. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

71. The defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

72. Plaintiffs have consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

73. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiffs were entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

74. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

75. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of plaintiffs.

76. By reason of defendants' FLSA violations, plaintiffs and the FLSA Collective are entitled to recover from defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT II
### Overtime Wage Under New York Labor Law
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

77. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

78. At all relevant times, defendants employed plaintiffs and the Rule 23 Class member within the meaning of the New York Labor Law §§ 2 and 651.

79. Defendants willfully violated plaintiffs and the Rule 23 Class members' rights by failing to pay them overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times their regular rate of pay or, at a minimum, the minimum wage to which plaintiffs were entitled under New York Labor Law 652, in violation of 12 N.Y.C.C.R.R. 142-2.2.

80. Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

81. By reason of defendants' violations of New York Labor Law, plaintiffs and the Rule 23 Class member are entitled to recover from defendants their unpaid overtime wages and an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York labor Law 198, all in an amount to be determined at trial.


### COUNT III
**Minimum Wages Due Under the Fair Labor Standards Act**
**(Brought on Behalf of Plaintiffs and the FLSA Collective)**

82. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

83. Defendants failed to compensate Plaintiffs and the FLSA Collective with wages of at least equal to the applicable minimum hourly wage, in violation of 29 U.S.C. §§206(a).

84. Defendants' violation of the FLSA, as described in this Complaint, has been willful and intentional.

85. By reason of Defendants' FLSA violations, Plaintiffs and the FLSA Collective are entitled to recover from defendants, jointly and severally, their unpaid minimum wages,

liquidated damages, as well as reasonable attorneys' fees and costs of the action,

including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b),

all in an amount to be determined at trial.

<u>**COUNT IV**</u>
**Minimum Wages Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

86. Plaintiffs reallege and incorporate by reference all allegations in the preceding

paragraphs as if fully set forth herein.

87. At all relevant times, plaintiffs were employed by defendants within the meaning of the

New York Labor Law §§ 2 and 651.

88. Defendants willfully failed to compensate Plaintiffs and the Rule 23 Class members with

wages at least equal to the applicable minimum hourly wage, in violation of the New

York Minimum Wage Act, specifically New York Labor Law § 652 and 12 N. Y. C. C. R.

R. § 142-2.1.

89. By reason of defendants' violation of New York Labor Law, plaintiffs and the Rule 23

Class members are entitled to recover from defendants, jointly and severally, their

unpaid minimum wages, liquated damages, as well as reasonable attorneys' fees and

costs of the action, including interest, pursuant to New York Labor Law § 198, all in an

amount to be determined at trial.

<u>**COUNT V**</u>
**Spread of Hours Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

90. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

91. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of 10 hours pursuant to the NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

92. The defendants violated the aforementioned legal requirement.

## COUNT VI
### Wage Theft Prevention Act Under New York Labor Law
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

93. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

94. At all relevant times, defendants employed plaintiffs within the meaning of the New York Labor Law §§ 2 and 651.

95. Defendants willfully violated plaintiffs and the Rule 23 Class members' rights by failing to provide each of them with the annual notices as required by the Wage Theft Prevention Act.

96. Defendants willfully violated plaintiffs and the Rule 23 Class members' rights by failing to provide each of them with weekly wage statements as required by the Wage Theft Prevention Act.

97. Due to defendants' New York Labor Law violations, plaintiffs and the Rule 23 Class members are entitled to recover statutory damages pursuant to the WTPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issues such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B. Certification of this case as a collective action pursuant to the FLSA;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Representative Plaintiffs as representatives of the Rule 23 Class, and counsel of records as Class Counsel;

E. Issuance of a declaratory judgment that the practice complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

F. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations;

G.  Unpaid wages, and an additional and equal amount as liquidated damages pursuant to N.Y. Lab. Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

H.  Punitive damages;

I.  Pre-judgment interest;

J.  Post-judgment interest;

K.  An injunction requiring Defendants to pay all statutory-required wages and comply with all other legal requirements as detailed in this Complaint, pursuant to the FLSA and NYLL;

L.  Attorneys' fees and costs of the action; and

M.  Such other relief as this Court shall deem just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Dated: New York, New York
         September 3, 2018

                                        /s/ Heng Wang_____
                                        By: Heng Wang (HW0786)
                                        Heng Wang & Associates, P.C.
                                        305 Broadway, Suite 1000
                                        New York, NY 10007
                                        Tel:     (212) 513-1183
                                        Fax:     (646) 572-8998

                                        heng.wang@wanggaolaw.com

                                        *Attorneys for Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

18

# CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Wing Keung Enterprises, Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that am bound by the terms of the Contingency Retainer Agreement signed by the named plaintiff in this case.

Dated: __9 - 4__, 2018          JIAN CHENG LIU
                                 Jian Cheng Liu

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Wing Keung Enterprises, Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that am bound by the terms of the Contingency Retainer Agreement signed by the named plaintiff in this case.

Dated: 9 / 4 , 2018

Fuqiang Gao

## NOTICE OF INTENTION TO ENFORCE
## SHAREHOLDER LIABILITY FOR SERVICES RENDERED


To: Keung Chan and May Tong

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of WING KEUNG ENTERPRISES, INC. and WK TRUCKING LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: September 3, 2018
        New York, NY

                              /s/ Heng Wang_____
                              By: Heng Wang (HW0786)
                              Heng Wang & Associates, P.C.
                              305 Broadway, Suite 1000
                              New York, NY 10007
                              Tel:    (212) 513-1183
                              Fax:    (646) 572-8998

                              heng.wang@wanggaolaw.com

                              *Attorneys for Plaintiffs, proposed FLSA Collective*
                              *and potential Rule 23 Class*

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

To: WING KEUNG ENTERPRISES, INC. d/b/a WK FOODS
    WK TRUCKING LLC d/b/a WK FOODS

PLEASE TAKE NOTICE THAT the plaintiffs and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: September 3, 2018

/s/ Heng Wang_____
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:    (212) 513-1183
Fax:    (646) 572-8998

heng.wang@wanggaolaw.com

*Attorneys for Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*