UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JIAN CHENG LIU and FUQIANG GAO,

                      Plaintiffs,          **REPORT &**
                                        **RECOMMENDATION**
                *v.*                      **20-CV-5651-KAM-SJB**

KEUNG CHAN, MAY TONG, SIMON CHAN, FEN
ZHEN CHEN, *a.k.a.* FENG ZHEN CHEN; WING
KEUNG ENTERPRISES, INC., *doing business as WK
Foods*; WK TRUCKING LLC, *doing business as WK
Foods*; and WKFC LLC, *doing business as WK Foods*,

                      Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

        Plaintiffs Jian Cheng Liu ("Liu") and Fuqiang Gao ("Gao" and, collectively, "Plaintiffs") commenced this second action ("*Liu II*"), asserting Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") violations and fraudulent conveyance claims against Defendants Keung Chan; May Tong ("Tong"); Simon Chan; Fen Zhen Chen, *a.k.a.* Feng Zhen Chen ("Chen" and, collectively, the "Individual Defendants"); Wing Keung Enterprises, Inc. ("Wing Keung"), doing business as WK Foods; WK Trucking LLC ("WK Trucking"), doing business as WK Foods (collectively, the "*Liu I* Defendants"); and WKFC LLC, doing business as WK Foods ("WKFC" and, collectively, "Defendants"), on November 19, 2020.[1] There is a preexisting case, *Liu I*, among the same parties, commenced over two-and-one-half years ago.[2]

---

      [1] Compl. dated Nov. 19, 2020 ("*Liu II* Compl."), Dkt. No. 1.

      [2] Compl. dated Sept. 3, 2018 ("*Liu I* Compl."), No. 18-CV-5044, Dkt. No. 1; Pls.' Second Am. Compl. dated Feb. 15, 2019 ("*Liu I* SAC"), No. 18-CV-5044, Dkt. No. 29.

Because this case, *Liu II*, is a duplicative lawsuit that is an improper end run around Federal Rules of Civil Procedure 15 and 16, the Court respectfully recommends that it should be dismissed.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are individuals who live in New York. (*Liu I* SAC ¶ 7; *Liu II* Compl. ¶ 5). Defendants Wing Keung, WK Trucking, and WKFC LLC are organized under New York law and also located in New York. (*Id.* ¶¶ 6–10, 12, 25–26; *Liu I* SAC ¶¶ 8–11, 14). Plaintiffs allege that the three companies are "related," share addresses, and are controlled and managed by the Individual Defendants. (*See, e.g.*, *id.* ¶¶ 12, 27–28, 30, 32–33, 36–37, 42–44; *Liu II* Compl. ¶¶ 10, 29–32, 34–36, 38–39, 41–44, 47–49, 51–52). Liu began his employment with Defendants in November 2009. (*Id.* ¶ 84; *Liu I* SAC ¶ 74). He started by "perform[ing] miscellaneous work" and then became a truck driver. (*Id.*; *Liu II* Compl. ¶ 84). Gao began working for Defendants in March 2017. (*Id.* ¶ 91; *Liu I* SAC ¶ 81). In *Liu I*, Plaintiffs alleged that the Individual Defendants used WK Trucking as a shell holding company to hold assets to avoid payment of prior judgments. (*See, e.g.*, *id.* ¶¶ 25–26). In *Liu II*, Plaintiffs make the same allegations, (*Liu II* Compl. ¶¶ 23–24), and add the assertion that Defendants formed WKFC to "defraud" its workers and fraudulently transferred assets to WKFC, (*id.* ¶¶ 54, 79–83).

Plaintiffs commenced *Liu I* on September 6, 2018 against Keung Chan, Tong, Simon Chan, Wing Keung, and WK Trucking, asserting six causes of action for FLSA and NYLL violations.[3] (*Liu I* Compl.). Plaintiffs then filed an Amended Complaint on

---

[3] Plaintiffs asserted overtime and minimum wage claims under both FLSA and the NYLL, a "spread of hours" NYLL claim, and a Wage Theft Protection Act NYLL claim. (*Liu I* Compl. ¶¶ 71–97).

2

September 13, 2018 adding Chen as a defendant and five fraudulent conveyance claims. (Am. Compl. dated Sept. 13, 2018 ("*Liu I* FAC"), No. 18-CV-5044, Dkt. No. 6). Following a pre-motion conference before the Honorable Kiyo A. Matsumoto, at which Plaintiffs agreed to drop claims with insufficient factual support, (*see* Min. Entry dated Dec. 28, 2018, No. 18-CV-5044), Plaintiffs filed their Second Amended Complaint on February 15, 2019, (*Liu I* SAC). The Second Amended Complaint did not include the minimum wage claims asserted in the First Amended Complaint. The remaining FLSA, NYLL, and fraudulent conveyance claims remained, and the Defendants were the same. The Defendants moved to dismiss. Judge Matsumoto dismissed the fraudulent conveyance claim (Claim Five), finding it was superseded by the New York Debtor and Creditor Law and thus duplicative of the other fraudulent conveyance claims brought under the statute (Claims Six through Nine); the FLSA and NYLL claims (Claims One through Four) with respect to Chen, finding that Plaintiffs had not established he was an employer; and the FLSA overtime and NYLL overtime and spread of hours claims (Claims One through Three) "to the extent plaintiffs assert any Fair Labor Standards Act violations pre-dating September 6, 2015, or New York Labor Law violations pre-dating September 6, 2012." *Jian Cheng Liu v. Kueng Chan*, No. 18-CV-5044, 2020 WL 978857, at *9, *11–12 (E.D.N.Y. Feb. 28, 2020).

On March 11, 2020, Plaintiffs—without requesting a pre-motion conference or filing a motion for leave—filed a Third Amended Complaint. (Third Am. Compl., No. 18-CV-5044, Dkt. No. 60). The parties then filed a joint stipulation withdrawing that pleading. (Order dated Apr. 14, 2020, No. 18-CV-5044, Dkt. No. 65).

Plaintiffs then commenced the present action, *Liu II*, on November 19, 2020. (*Liu II* Compl.). Plaintiffs assert nine causes of action: a FLSA overtime wages claim; a

3

NYLL overtime wages claim; a spread-of-hours claim under the NYLL; a Wage Theft Protection Act NYLL claim; four fraudulent conveyance claims under New York Debtor and Creditor Law sections 273–276; and a claim for unpaid wages under the NYLL. (*Id.* ¶¶ 112–60).[4] In other words, the first eight causes of action in the *Liu II* Complaint are the same as those in the operative *Liu I* Complaint, with the only exception being the additional NYLL unpaid wages claim. *Liu II* also adds one defendant: WKFC.[5]

## DISCUSSION

This lawsuit is an improper end run around the deadlines in *Liu I*.

The Court is required to set a Rule 16 schedule after the appearance of the parties—and no later than 90 days, absent good cause—to ensure the timely progression of the case to resolution. Fed. R. Civ. P. 16(b)(2). The Rule 16 order "must limit the time to join other parties, [and] amend the pleadings." *Id.* r. 16(b)(3)(A). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Here, Plaintiffs proposed a deadline to amend of April 9, 2019. (Disc. Plan Worksheet attached to Rule 26(f) Plan, No. 18-CV-5044, Dkt. No. 28). Defendants opposed this deadline, because the Court—before holding a Rule 16 conference—had already given

---

[4] The FLSA and NYLL claims are brought against all Defendants except Chen. (*Id.* ¶ 110).

[5] Although *Liu I* was originally filed as a proposed class and collective action, (*see Liu I* Compl.), the deadline for Plaintiffs to seek collective certification was May 7, 2020. (Order dated Apr. 23, 2020, No. 18-CV-5044, Dkt. No. 71). After the deadline passed, the Court concluded that no motion for collective certification could be filed in *Liu I*. (Order dated June 5, 2020, No. 18-CV-5044).

Plaintiffs until January 25, 2019 to file an amended Complaint. (Rule 26(f) Plan, No. 18-CV-5044, Dkt. No. 28; Min. Entry dated Dec. 28, 2018, No. 18-CV-5044). In the subsequent discovery schedules proffered on October 16, 2019—which was adopted via Court order—the parties proposed deadlines only for the discovery events that follow the time for amendment, like the close of all discovery. (Defs.' Letter for Proposed Disc. Schedule dated Oct. 16, 2019, No. 18-CV-5044, Dkt. No. 50; Pls.' Proposed Disc. Schedule dated Oct. 16, 2019, No. 18-CV-5044, Dkt. No. 51; Min. Entry & Order dated Oct. 28, 2019, No. 18-CV-5044 (adopting Defendants' proposed schedule)).

Even if an amended pleading is timely under a Court's Rule 16 order, a party does not have free reign to file amended pleadings. Under Rule 15, parties may amend only once as a matter of right. Fed. R. Civ. P. 15(a)(1); *CSX Transp., Inc. v. Emjay Env't Recycling, Ltd.*, No. 12-CV-1865, 2013 WL 12329546, at *2 (E.D.N.Y. Sept. 18, 2013). Other amendments may only be made with consent of defendants or leave of the court. Fed. R. Civ. P. 15(a)(2); 6 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1480 (3d ed. 2021) ("When this time period expires or the party already has amended the pleading, [amendment as of right] no longer applies and an amendment falls under Rule 15(a)(2), which requires leave of court or the written consent of the opposing party.").

Here, by initiating *Liu II*, Plaintiffs flaunted and disregarded the April 9 deadline in *Liu I*, and attempted to circumvent the Rule 15 requirements for obtaining Court leave to amend. This abuse of the litigation process requires the *Liu II* Complaint be dismissed.

The first Complaint was filed on September 6, 2018. (*Liu I* Compl.). A few days later, on September 13, Plaintiffs filed their second Complaint (the first Amended

Complaint). (*Liu I* FAC). After being told that some of their claims would be dismissed, Plaintiffs filed their third complaint (the Second Amended Complaint) on February 15, 2019. (*Liu I* SAC). The parties then litigated the case on the basis of that Complaint for several months. At an October 4, 2019 status conference, Plaintiffs' counsel intimated that he wanted again to amend the Complaint to add additional claims. (Tr. of Civil Cause for Status Conference dated Oct. 4, 2019, No. 18-CV-5044, Dkt. No. 76, at 16:15–:21). After mentioning that Plaintiffs had "already amended a number of times," (*id.* at 16:24), the Court noted counsel's delay in raising the issue: "[i]t seems a little late to be raising amendment unless there's something that you establish was unknown to you and you discovered well after the motion to dismiss was briefed," (*id.* at 17:16–:19). Plaintiffs were directed to seek leave to file an amended Complaint from District Judge Matsumoto. (*Id.* at 17:20–:21; 18:25–19:02).[6]

Plaintiffs did not seek such leave. Judge Matsumoto dismissed some of the claims but permitted others to move forward. After Judge Matsumoto issued her ruling, Plaintiffs filed their fourth complaint (the Third Amended Complaint) on March 11, 2020. (*Liu I* TAC). Defendants did not consent to the filing of this fourth Complaint, and the Court did not grant any leave, since none had been sought. Nor did Judge Matsumoto's decision contemplate the filing of another pleading. The Third Amended Complaint was therefore barred under Rule 15(a)(2).

Plaintiffs then agreed to withdraw the pleading on April 13, 2020. (Stip. Withdrawing the Third Am. Compl. dated Apr. 13, 2020, No. 18-CV-5044, attached as

---

[6] In an October 28, 2019 conference, Plaintiffs' counsel revealed that he had also filed a class action on behalf of another employee under the NYLL against these same Defendants in New York State court. (Tr. of Civil Cause for Status Conference dated Oct. 28, 2019, No. 18-CV-5044, Dkt. No. 77 at 3:13–4:08, 13:22–14:01).

6

Ex. A to Letter dated Apr. 13, 2020, Dkt. No. 64). Several months later, on November 20, 2020, Plaintiffs sought Defendants' consent to amend the Complaint yet again. (Pls.' Letter dated Nov. 20, 2020, No. 18-CV-5044, Dkt. No. 74 at 1). Defendants refused to do so; Plaintiffs then filed a new case, *Liu II,* on the theory that they "were left with no choice." (*Id.*).

In summary, Plaintiffs amended the Complaint four times in *Liu I*, and the last time without leave to do so and in violation of Rule 15—before withdrawing that pleading. And then aware that leave—or Defendants' consent—was necessary, they filed an entirely new action. This was done even though the Court warned Plaintiffs that they could not simply file amended pleadings as they wished, something which Plaintiffs acknowledged (by twice seeking Defendants' consent, which was never given). In other words, Plaintiffs admitted that Rule 15 barred another amendment, and so they initiated *Liu II*. *Liu II* is nothing more than the Fifth Amended Complaint masquerading as a new case. The Rules of Civil Procedure do not permit such chicanery or gamesmanship.

"[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints[.]" *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) (citing Fed. R. Civ. P. 15); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000) (following *Walton*).

> [C]ourts do not look fondly on "gamesmanship" by the parties, including where parties deliberately seek to circumvent a court's scheduling order. Where "much of the . . . amended complaint allege[s] events that had occurred prior to [the pending action's] filing," and where "if [the plaintiff] had timely raised those allegations, they would have been heard in [the present action]" it is not an abuse of discretion to hold a plaintiff to the consequences of their delay.

7

*RVC Floor Decor, Ltd. v. Floor & Décor Outlets of Am., Inc.*, No. 19-CV-4894, 2020 WL 5709180, at *5 (E.D.N.Y. Sept. 24, 2020) (alterations in original) (citations omitted) (quoting *Curtis*, 226 F.3d at 140).

"'As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit,'" since "a plaintiff has 'no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (quoting *Curtis,* 226 F.3d at 138–39). For this "claim splitting" rule to apply,

> [t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.

*Id.* (alteration in original) (quoting *The Haytian Republic,* 154 U.S. 118, 124 (1894)). Further, "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis*, 226 F.3d at 138. And courts may *sua sponte* dismiss a case if it is duplicative of a previously filed action. *See, e.g.*, *Jemmott v. Metro. Transit Auth.*, No. 13-CV-2665, 2014 WL 2120357, at *1–3 (E.D.N.Y. May 21, 2014); *Singh v. N.I.C. Kitchen*, No. 93-CV-8859, 1994 WL 132266, at *1 (S.D.N.Y. Apr. 8, 1994).

A. <u>Claims One Through Eight Asserted Against the *Liu I* Defendants</u>

*Liu II* asserts the same eight claims against the same parties as *Liu I*: a FLSA overtime wages claim; a NYLL overtime wages claim; a spread-of-hours claim under the NYLL; a Wage Theft Protection Act NYLL claim; and four fraudulent conveyance claims

8

under New York Debtor and Creditor Law sections 273–276, respectively. (These are Counts One through Eight against Keung Chan, Tong, Simon Chan, Wing Keung, and WK Trucking, all of whom are Defendants in *Liu I*). These claims are duplicative, and "because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time," *Curtis*, 226 F.3d at 139, they should be dismissed.

B. <u>Claims One Through Eight Against WKFC</u>

Courts "generally do not apply the rule against duplicative litigation when the defendants in two similar actions are different." *Sacerdote*, 939 F.3d at 505. "In other words, if a plaintiff suffers the same harm at the hands of two defendants, the plaintiff may institute one suit against one defendant and a separate suit against another defendant alleging that each caused his injury." *Id.* But this exception does not apply when the two parties—the original defendant in the first case and the one added in the second—are in privity. *The Haytian Republic*, 154 U.S. at 124 (stating that "[t]here must be the same parties, or, at least, such as represent the same interests" for the exception to apply (quoting *Watson v. Jones*, 80 U.S. (13 Wall.) 679, 715 (1871))).

"Th[is] principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."[7]

---

[7] Plaintiffs claim that they did not learn of the existence of WKFC until July 2020 and needed time to investigate once they became aware of WKFC. (Pls.' Letter Br. dated Dec. 8, 2020 ("Pls.' Br."), Dkt. No. 4 at 3). Thus Plaintiffs—by their own admission—became aware of WKFC's existence and its relationship with the Defendants while *Liu I* was ongoing. The late hour of such a finding does not excuse Plaintiffs' attempted end run around the strictures of Rules 15 and 16. And their request for Defendants' consent to file an amendment undermines any argument to the contrary.

*Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995); *see also Hallinan v. Republic Bank & Tr. Co.*, 519 F. Supp. 2d 340, 348 (S.D.N.Y. 2007) ("A determination in a prior judicial proceeding estops a claim by a nonparty only if that nonparty was in privity with a party to that proceeding—i.e., if the nonparty was 'represented by a party to the prior proceeding, or exercised some degree of actual control over the presentation on behalf of a party to that proceeding.'" (quoting *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber,* 327 F.3d 173, 184–85 (2d Cir. 2003) [hereinafter *Stichting*])), *aff'd*, 306 F. App'x 626 (2d Cir. 2009). Privity exists, for example, between individual and entity defendants where "the [i]ndividual [d]efendants were the sole owners (as well as directors and officers) of the [e]ntity [d]efendants and . . . [the individual defendants'] interests were at stake in the prior arbitration which they likely controlled." *Feitshans v. Kahn*, No. 06-CV-2125, 2006 WL 2714706, at *4 (S.D.N.Y. Sept. 21, 2006). Parties are also in privity where the party in the prior litigation is "a fiduciary or organizational agent" of the new defendant. *Stichting*, 327 F.3d at 185 (collecting cases)).

The parties in *Liu II* are the same as in *Liu I*, save for WKFC, which is a new defendant in *Liu II*. The relationship between the *Liu I* Defendants and WKFC is sufficiently close that they all are in privity. There were five original defendants in *Liu I*: Keung Chan, Tong, Simon Chan, Wing Keung, and WK Trucking. (*Liu I* Compl.). WKFC not only has a relationship with each of them, but those original Individual Defendants also exercise—or have the power to exercise—complete control over WKFC. (*Liu II* Compl. ¶¶ 35, 50). WKFC's principal place of business is also the same as that of one of the original company defendants, Wing Keung. (*Id.* ¶ 26). WKFC is also "owned,

10

operated, and/or controlled by the other defendants" from *Liu I*. (*Id.* ¶¶ 27, 35). The *Liu I* Individual Defendants—Keung Chan, Tong, and Simon Chan—are all officers of WKFC, (*id.* ¶ 28), can therefore act on WKFC's behalf, and are the corporation's fiduciaries. As officers of WKFC, they could act as agents on its behalf and represent its interests as its fiduciaries.[8] WKFC also shares resources, employees, and management with Wing Keung and WK Trucking. (*Id.* ¶¶ 34, 36).

Plaintiffs cannot bring the same claims—first filed in one ongoing litigation—in a second case against a new defendant, like WKFC, which stands in privity with a defendant in the original case. And here, WKFC is not just in privity with one of the *Liu I* Defendants, but *all* of them. *Liu II* Claims One through Eight against WKFC should be dismissed. *See, e.g.*, *Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810, 812 (2d Cir. 2020) (affirming dismissal of second action where defendants were in privity with defendants from prior action and facts and claims were the same); *Branded Apparel Grp. LLC v. Muthart*, No. 17-CV-5956, 2018 WL 4308545, at *4 (S.D.N.Y. Sept. 10, 2018) (finding parties in privity and claims were the same, litigation was duplicative and determining that the "equities . . . tip decidedly in favor of dismissal" because new suit in an attempt to circumvent the court's scheduling order).

C. <u>Claim Nine</u>

The rule against duplicative litigation also applies where the new claims in a second action are brought against parties in a pending litigation, and these claims do not differ significantly from those in the first pending case. "While the fact that the two actions involved 'the same parties, similar or overlapping facts, and similar legal issues'

---

[8] Defendants also point out that that Simon Chan is the owner of WKFC. (Defs.' Resp. Letter dated Dec. 22, 2020, Dkt. No. 10 at 2 n.2).

is not dispositive" of whether the rule against duplicative litigation should be applied, *RVC Floor Decor, Ltd.*, 2020 WL 5709180, at *4 (quoting *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996)), "generally, an action is duplicative 'if the claims, parties, and available relief do not significantly differ between the two actions,'" *id.* (quoting *Morency v. Village of Lynbrook*, 1 F. Supp. 3d 58, 62 (E.D.N.Y. 2014)). "To ascertain whether two actions spring from the same transaction or claim, we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id.* (quoting *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000)).

*Liu II*'s Claim Nine for unpaid wages under the NYLL should also be dismissed. Plaintiffs allege that they worked more hours than Defendants recorded, that "meal time" was improperly deducted from their hours, and, as a result, they were not compensated for the total number of hours they actually worked, in violation of the NYLL. (*Liu II* Compl. ¶¶ 150–55, 157–60). They also contend that Defendants deducted various fees and costs, such as traffic ticket fines, from their compensation in violation of the NYLL. (*Id.* ¶ 156). In other words, all Plaintiffs have done is add uncompensated meal breaks and improper deductions to their original wage-and-hour claims. They do not allege any additional facts or suggest that these violations occurred at different times or places than those in the first lawsuit. The claim arises from the same underlying facts as the four wage-and-hour claims in *Liu I* and, indeed, there is no reason they could not have been asserted from the start of *Liu I*. *E.g.*, *RVC Floor Decor, Ltd.*, 2020 WL 5709180, at *6 ("At bottom, the claims in both actions are based on the same conduct . . . . Some of the same evidence is needed to support each claim, and some of

the facts essential to the Present Action were presented in the Pending Action, indicating that the same essential basis underlies relief in both actions. Given Plaintiff's effort to amend the Pending Action with a complaint substantially similar to that of the Present Action, the two Actions 'would have formed a convenient trial unit and addressing the two causes of action in one litigation would have conformed to the parties' expectations.'" (citations omitted) (quoting *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013))). And this applies to Claim Nine with respect to both the *Liu I* Defendants and WKFC. *See, e.g.*, *Barclay v. Lowe*, 131 F. App'x 778, 779 (2d Cir. 2005) ("Here, the district court did not abuse its discretion in dismissing *Barclay II*. . . . Although Barclay named different defendants in the second suit than in the first, the suits are nonetheless duplicative because the defendants in the second suit are in privity with the defendants in the first suit.").

Plaintiffs argue that even if the Court should find *Liu II* duplicative, the Court should consolidate the cases, rather than dismiss *Liu II*. (Pls.' Br. at 2–3; Pls.' Resp. Letter dated Dec. 22, 2020, Dkt. No. 12 at 1–2). The effect of doing so would be to add nine new claims—eight against new defendant WKFC, and one against the existing *Liu I* defendants—to a lawsuit that was first filed in 2018, and which already has gone through multiple pleading amendments. None of these claims add anything, since WKFC is in privity, and the NYLL claim is based on the same facts as the first lawsuit. All adding these claims and parties to *Liu I* would permit is an impermissible end run around Rule 15, which would bar these amendments if Plaintiffs sought them in *Lui I* itself. Consolidation would improperly reward Plaintiffs' gamesmanship. *Morency,* 1 F. Supp. 3d at 62 ("[D]uplicative complaints may be not be filed by a plaintiff 'for the purpose of circumventing the rules pertaining to the amendment of complaints[.]'"

(quoting *Curtis v. DiMaio,* 46 F. Supp. 2d 206, 216 (E.D.N.Y.1999)); *Branded Apparel Grp. LLC*, 2018 WL 4308545, at *5 ("The bottom line is that Branded had every opportunity and incentive under the schedule the Court (with the parties' consent) had set to bring its claims against Muthart. For whatever reasons, it chose not to do so. The Court will not reward Branded's inattention or its subsequent gamesmanship. Accordingly, this case, Branded's against Muthart, is properly dismissed.").[9]

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that *Liu II* be dismissed and the case closed. Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

---

[9] With the exception of Claims One through Eight against the original *Liu I* Defendants, which should be dismissed without prejudice, since they are being litigated, the Court recommends that the dismissal be with prejudice. *See, e.g.*, *id.*; *Morency*, 1 F. Supp. 3d at 63; *Scheidel v. United States*, No. 09-CV-1223, 2010 WL 3843754, at *2 (N.D.N.Y. May 6, 2010), *report and recommendation adopted*, 2010 WL 3880873 (Sept. 28, 2010).

14

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York
May 12, 2021