UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

JIAN CHENG LIU AND FUQIANG GAO, on
behalf of themselves and all others
similarly situated,

                                  *Plaintiffs*,

    -against-

KEUNG CHAN, MAY TONG, SIMON CHAN, FEN
ZHEN CHEN a/k/a FENG ZHEN CHEN, WING
KEUNG ENTERPRISES, INC. d/b/a WK FOODS,
AND WK TRUCKING LLC d/b/a WK FOODS,

                                  *Defendants*.

--------------------------------------X

**MEMORANDUM AND ORDER**

18-cv-5044(KAM)(SJB)

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiffs Jian Cheng Liu ("Liu") and Fuqiang Gao ("Gao" and together, "Plaintiffs") initiated the instant action ("*Liu I*") on September 6, 2018, on behalf of themselves and other similarly situated current and former employees of Defendants Keung Chan, May Tong, Simon Chan, Fen Zhen Chen a/k/a Feng Zhen Chen, Wing Keung Enterprises, Inc. d/b/a WK Foods, and WK Trucking LLC d/b/a WK Foods ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq.* (ECF No. 1, Complaint ("Compl.").)

Presently before the Court is Plaintiffs' motion for leave to amend the complaint, for the *fifth* time, to add a pay frequency claim under NYLL § 191.  (ECF No. 110, Memorandum of Law in Support of Plaintiffs' Motion to Amend Complaint ("Pls. Br."), at 2.)  According to Plaintiffs, they filed the instant motion "[a]fter unsuccessfully seeking consent from Defendants to amend their pleading."  (*Id.*)  On January 26, 2022, Magistrate Judge Sanket Bulsara issued a *Sua Sponte* Report and Recommendation (the "R. & R."), recommending that this Court deny Plaintiffs' motion as frivolous and time barred.  (Order dated January 26, 2022.)  On February 7, 2022, Plaintiffs filed objections to Judge Bulsara's R. & R., (ECF No. 116, Plaintiffs' Objections to the R. & R. ("Pls. Objs.")), and Defendants filed a response to Plaintiffs' objections on February 22, 2022.  (ECF No. 116, Defendants' Response to Plaintiffs' Objections ("Defs. Resp.").)  On June 2, 2022, Plaintiffs filed an additional submission related to their pending motion, outside the 14-day period for filing objections, (*see* ECF No. 118), and Defendants submitted a letter in response on June 7, 2022.  (*See* ECF No. 119.)

For the reasons set forth below, the Court **OVERRULES** Plaintiffs' objections, **ADOPTS** Judge Bulsara's well-reasoned R. & R., and **DENIES** Plaintiffs' motion for leave to amend.

## BACKGROUND

Plaintiff Liu began his employment with Defendants in November 2009, first performing miscellaneous work, and then driving trucks. (Compl. ¶ 36.) Liu "worked 7 days a week until about February, 2017, then 6 days a week thereafter." (*Id.* ¶ 40.) During Liu's employment, he worked in excess of 85 hours per week during weeks in which he worked all seven days, and worked over 75 hours per week during weeks in which he worked six days. (*Id.* ¶ 41.) Plaintiff Gao began working for Defendants as a truck driver in March 2017, working 6 days a week, over 75 hours a week. (*Id.* ¶¶ 42, 45.)

Plaintiffs commenced this action on September 6, 2018, alleging that Defendants deprived Plaintiffs and others similarly situated of their overtime and minimum wages, in violation of the FLSA and the NYLL, and spread-of-hours wages, in violation of the NYLL. (*Id.* ¶¶ 5—6.) Plaintiffs also allege that Defendants failed to provide them with the required pay rate notices and wage statements. (*Id.* ¶¶ 93—97.)

On September 13, 2018, Plaintiffs filed an amended complaint, naming an additional defendant, Fen Zhen Chen a/k/a Feng Zhen Chen, and including allegations related to Chen, and additional causes of action, namely, a generic fraudulent conveyance claim and claims for fraudulent conveyance under the New York Debtor and Creditor Law. (ECF No. 6, Amended Complaint

("Amended Compl.") ¶¶ 20, 37–40, 103–24.)   On February 15, 2019, Plaintiffs filed a second amended complaint.  (ECF No. 29, Second Amended Complaint ("SAC").)   The SAC, the operative complaint in this action, eliminated Plaintiffs' minimum wages claims under the FLSA and the NYLL, and included additional allegations related to, *inter alia*, Defendant WK Trucking, LLC, prior litigations in this District against some of the Defendants, and the daily management activities of Defendants Keung Chan, Tong, Simon Chan, and Chen (the "Individual Defendants").  (*See generally id.*)

On August 30, 2019, Defendants, with one exception, collectively moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 41.)   Defendant Simon Chan filed a separate motion to dismiss.  (ECF No. 38.)   On February 28, 2020, this Court granted in part and denied in part Defendants' motions to dismiss.  (ECF No. 59, Memorandum and Order on Defendants' Motions to Dismiss, dated February 28, 2020.)   The Court denied Defendants' motions to dismiss Claims Six through Nine (fraudulent conveyance claims under the New York Debtor and Creditor Law), dismissed Claim Five as superfluous and duplicative of Claims Six through Nine, and dismissed Claims One through Four with respect to Defendant Chen only.  (*Id.* at 35–36.)   The Court also dismissed Claims One, Two, and Three to the extent Plaintiffs asserted any FLSA violations predating September 6, 2015, or NYLL violations predating September 6, 2012.  (*Id.*)   The Court denied

Defendants' motions to dismiss Claim Four to the extent Plaintiffs asserted violations of NYLL § 195(1) for Plaintiff Liu in the years 2013, 2014, and 2015, and for Plaintiff Gao in the year 2017, and for violations arising under NYLL § 195(3), on or after 2017. (*Id.*)

Without leave of Court or consent of Defendants, Plaintiffs filed a third amended complaint on March 11, 2020, (ECF No. 60, Third Amended Complaint ("TAC")), and on April 13, 2020, the parties filed a stipulation to withdraw the TAC, which was stricken from the record. (ECF Nos. 64, 64-1, 65.) On November 19, 2020, Plaintiffs commenced an entirely new action ("*Liu II*"), 20-cv-5651, asserting nine causes of action: overtime wages claims under the FLSA and the NYLL (Claims One and Two); a spread-of-hours claim under the NYLL (Claim Three); a Wage Theft Protection Act claim under the NYLL (Claim Four); four fraudulent conveyance claims under New York Debtor and Creditor Law sections 273 to 276 (Claims Five to Eight); and a claim for unpaid wages under the NYLL. (20-cv-5651, ECF No. 1, Complaint ("*Liu II* Compl.") ¶¶ 112-60.) In other words, the complaint in the new action asserted the same eight causes of action alleged in the operative complaint in the instant action, the SAC, with the addition of Claim Nine, the unpaid wages claim under the NYLL, and a new defendant, WKFC LLC d/b/a WK Foods. (*Id.* ¶¶ 25–28, 34–38, 50–52, 79–83, 112-60.)

On May 12, 2021, Judge Bulsara issued a Report and Recommendation in *Liu II*, recommending that the Court dismiss the case, noting that it "is a duplicative lawsuit that is an improper end run around Federal Rules of Civil Procedure 15 and 16." (20-cv-5651, ECF No. 14, *Liu II* Report and Recommendation ("*Liu II* R. & R."), at 2.)   On June 4, 2021, the Court adopted the *Liu II* R. & R. in its entirety and dismissed the case. (20-cv-5651, Order dated June 4, 2021.)

On January 19, 2022, over 40 months after the filing of the original complaint, Plaintiffs filed the instant motion for leave to amend, for the fifth time, to add a frequency of pay claim under the NYLL. (ECF No. 110, Motion to Amend the SAC ("Motion").) On January 26, 2022, Judge Bulsara issued the R. & R., recommending that the Court deny Plaintiffs' motion as frivolous and time barred. (Order dated January 26, 2022.)   On February 7, 2022, Plaintiffs filed objections to Judge Bulsara's R. & R., (Pls. Objs.), and Defendants filed a response to Plaintiffs' objections on February 22, 2022. (Defs. Resp.)   On June 2, 2022, Plaintiffs filed an additional submission related to their pending motion, outside the 14-day period for filing objections, (*see* ECF No. 118), and Defendants submitted a letter in response on June 7, 2022. (*See* ECF No. 119.)

**LEGAL STANDARD**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the Court conducts a de novo review of "those portions of the report . . . to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). "Where no objection to a Report and Recommendation has been timely made, the district court 'need only satisfy itself that there is no clear error on the face of the record.'" *Minto v. Molloy Coll.*, Nos. 16-cv-276(KAM), 16-cv-278(KAM), 16-cv-279(KAM), 2021 WL 804386, at *1 (E.D.N.Y. Mar. 3, 2021) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609—10 (S.D.N.Y. 2001)). "Moreover, where the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error." *Id.* (internal quotation marks and citations omitted).

The Second Circuit, in *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021), recently has clarified the three standards for amending pleadings under Federal Rules 15 and 16 of the Civil Procedure:

The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought. At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission. After that period ends—either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the court should grant such leave "freely . . . when justice so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive" standard, and the only "grounds on which denial of leave to amend has long been held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or] futility." The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).

Thus, under Rule 15(a)(1)(2), motions to amend complaints are to be "liberally granted absent a good reason to the contrary," *Assam v. Deer Park Spring Water*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995), and "should be denied only because of undue delay, bad faith, futility or prejudice to the non-moving party." *Henriquez v. Kelco Landscaping Inc.*, 299 F.R.D. 376, 378 (E.D.N.Y. 2014) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir. 2005); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). "However, '[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'"

*Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993))

The party that opposes the motion to amend "bears the burden of establishing that an amendment would be prejudicial or futile." *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 346 (E.D.N.Y. 2013) (citing *Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 137—38 (E.D.N.Y. 1998)). "A proposed amendment may be prejudicial if new claims would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Jipeng Du v. Wan Sang Chow*, No. 18-cv-1692(ADS), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019) (quoting *Block*, 988 F.2d at 350).

The proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "An amendment is futile if it cannot survive a Rule 12(b)(6) motion to dismiss." *Porter v. Mooregroup Corp.*, No. 17-cv-7405(KAM), 2020 WL 32434, at *5 (E.D.N.Y. Jan. 2, 2020) (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)); *see also* Fed. R. Civ. P. 12(b)(6). The court is "required to accept the material facts alleged in the amended complaint as true

and draw reasonable inferences in the plaintiff's favor." *Porter*, 2020 WL 32434, at *5.

Notwithstanding Rule 15, however, where a court has set a scheduling order with a deadline for amended pleadings "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)).  If only Rule 15(a) were considered "without regard to Rule 16(b), [courts] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

In respect to the Rule 16(b) standard, "'good cause' depends on the diligence of the moving party." *Id.* (quoting Fed. R. Civ. P. 16(b)); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).  However, "[t]he Second Circuit has 'left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment,' absent a showing of undue prejudice for the non-moving party." *Porter*, 2020 WL 32434, at *5 (quoting *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014); *Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F.

Supp. 3d 395, 399 (S.D.N.Y. 2018)).

## DISCUSSION

Plaintiffs argue that Judge Bulsara erred in: (1) finding that there was no good cause to amend the complaint; (2) recommending that leave be denied based on the procedural posture of the case, namely, after the close of discovery and the deadline to amend; (3) not considering the undue prejudice factor; and (4) finding Plaintiffs' motion frivolous. (Pls. Objs. at 4–13.) Each of these objections are addressed in turn below.

First, the Court must determine, as a threshold matter, which standard applies to Plaintiffs' motion for leave to amend— Rule 16(b)'s "good cause" standard, or "the lenient standard" under Rule 15(a)(2), *Grochowski*, 318 F.3d at 86, pursuant to which "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).[1] Defendants contend that Rule 15(a) is inapplicable here and that Rule 16(b) controls. The Court agrees.

It is simply without a question that the deadline to file amended pleadings has passed. On January 7, 2019, the parties jointly filed the "Rule 26(f) Plan," which included, on the second page, Plaintiffs' proposed discovery schedule setting forth April 9, 2019 as the deadline to amend pleadings. (*See* ECF No. 28.) Subsequently, at the Initial Conference on January 8, 2019, Judge

---

[1] Plaintiffs amended the complaint "once as a matter of course" by filing the Amended Complaint, (*see* Amended Compl.), and as such, Rule 15(a)(1) is inapplicable to the instant motion.

Bulsara did not adopt Plaintiffs' proposed discovery deadlines but advised the parties that he would not "change the amended complaint deadline" of April 9, 2019.   (FTR Recording of the Initial Conference dated January 8, 2019.)

In addition, the procedural history of this almost-four-year-old case, described at length *supra*, leaves no room for doubt that Plaintiffs' time to amend has long passed.  For example, at the October 4, 2019 status conference before Judge Bulsara, after Defendants' motions to dismiss the SAC had been fully briefed, counsel for Plaintiffs intimated potentially adding "two additional claims," to which Judge Bulsara advised that "[Plaintiffs had] already amended a number of times" and that "[i]t seem[ed] a little late to be raising amendment unless there's something that [Plaintiffs] can establish was unknown to [Plaintiffs] and [Plaintiffs] discovered well after the motion to dismiss was briefed."   (ECF No 76, October 4, 2019 Status Conference Transcript, at 16–17.)  And in foreclosing Plaintiffs' fourth attempt to amend their complaint in *Liu I*, by circumventing Rules 15 and 16 and initiating a new action (*Liu II*), Judge Bulsara clearly articulated in his Report and Recommendation, which was adopted by this Court in its entirety, that the deadline to amend in *Liu I* had passed.  (*See Liu II* R. & R. at 4–5.)

Judge Bulsara "explicitly limited [Plaintiffs'] ability to amend [their] complaint, which is what is required to invoke

Rule 16(b)." *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, No. 02-cv-1230(LMM), 2006 WL 2242596, at *2 (S.D.N.Y. Aug. 3, 2006) (internal quotation marks and citation omitted). *See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-cv-726(CBA), 2012 WL 2458060, at *5 (E.D.N.Y. June 27, 2012) ("Rule 16 will apply, even absent a specific deadline in a scheduling order, where the record contains some indication that the court and the parties understood that the pleadings would not be further amended.") (citations omitted); *In re Wireless Tel. Servs. Antitrust Litig.*, No. 02-cv-2637(DLC), 2004 WL 2244502, at *5 n.6 (S.D.N.Y. Oct. 6, 2004) (although "[p]laintiffs deny that the prior scheduling order set a deadline for amendments to the pleadings[,]" the court held that its various orders, "and the conferences which proceeded them, left no doubt" that there would be no further amendments). Accordingly, the Court applies Rule 16(b)'s good cause standard to Plaintiff's motion for leave to amend.[2]

I.   **"Good Cause" Standard under Rule 16**

Plaintiffs assert that their 2.5-year delay in adding the pay frequency claim to this action was not due to lack of diligence because they have only recently become aware of the change of law, post *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107

---

[2] Indeed, Plaintiffs do not dispute that Rule 16(b) applies and argue that their motion for leave to amend should be granted under either Rule 16(b) or Rule 15(a)(2).   (Pl. Objs. at 5 (Plaintiffs' good cause analysis); *id.* at 7–13 (Plaintiffs' Rule 15(a)(2) analysis).)

N.Y.S.3d 286 (1st Dep't 2019), which allowed individual employees
to bring frequency of pay claims against employers under NYLL §
191. (Pls. Objs. at 4.) "Naturally," Plaintiffs argue, "it took
time for the plaintiffs' bar to become aware of the *Vega* case, and
to start to litigate this claim in wage-and-hour lawsuits," and
Judge Bulsara thus should have found good cause for Plaintiffs'
proposed amendment and deemed the instant motion reasonably
timely. (*Id.* at 4.)

Defendants disagree and argue that Plaintiffs "cannot
explain away" their delay, "particularly because it is undisputed
that the New York Appellate Division's decision in *Vega* was
publicly available since September 2019." (Defs. Resp. at 8.)
The Court finds Defendants' argument persuasive. *Vega* was decided
on September 10, 2019, and the fact that Plaintiffs' counsel did
not learn of the change in law until much later does not amount to
good cause.

At least seven courts in this Circuit, between the
issuance of the *Vega* decision and January 19, 2022, when Plaintiffs
filed the instant motion to amend, have recognized that a private
right of action exists for NYLL § 191 claims. *See Scott v. Whole
Foods Mkt. Grp., Inc.*, No. 18-cv-86(SJF), 2020 WL 9814095 (E.D.N.Y.
Feb. 5, 2020); *Duverny v. Hercules Med. P.C.*, No. 18-cv-7652(DLC),
2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020); *Sorto v. Diversified
Maint. Sys., LLC*, No. 20-cv-1302(JS), 2020 WL 7693108 (E.D.N.Y.

Dec. 28, 2020); *Beh v. Cmty. Care Companions Inc.*, No. 19-cv-1417(JLS), 2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021), *R. & R. adopted*, 2021 WL 3914320 (W.D.N.Y. June 23, 2021); *Mabe v. Wal-Mart Assocs., Inc.*, No. 20-cv-591(TJM), 2021 WL 1062566 (N.D.N.Y. Mar. 18, 2021); *Rodrigue v. Lowe's Home Ctrs.*, No. 20-cv-1127(RPK), 2021 WL 3848268 (E.D.N.Y. Aug. 27, 2021); *Caul v. Petco Animal Supplies, Inc.*, No. 20-cv-3534(RPK), 2021 WL 4407856 (E.D.N.Y. Sept. 27, 2021); *Carrera v. DT Hosp. Grp.*, No. 19-cv-4235(RA), 2021 WL 6298656 (S.D.N.Y. Nov. 1, 2021), *R. & R. adopted*, 2021 WL 6298654 (Dec. 7, 2021). Though these decisions, as Plaintiffs point out, are unpublished and thus not binding, they nonetheless demonstrate that the existence of a private right of action under NYLL § 191 has been presented to courts in this Circuit at least as early as 2020, if not earlier.

Furthermore, and respectfully, Plaintiffs' counsel is not entitled to speak of the knowledge of the plaintiffs' bar writ large with respect to the *Vega* development in the law. He may speak to his own efforts to diligently update himself on developments in the law and to pursue his clients' claims. "[A] party is not diligent where the information motivating the request to file an amended complaint was previously available to the public." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, No. 15-cv-2457(GHW), 2019 WL 1245013, at *4 (S.D.N.Y. Mar. 18, 2019). *See Nunez v. Shinobi NY LLC*, No. 12-cv-5313(LTS), 2013 WL 12107728,

at *4 (S.D.N.Y. Sept. 13, 2013) ("[C]ase law is unequivocal that 'attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b).'" (quoting *Multi-Juice, S.A. v. Snapple Beverage Corp.*, No. 02-cv-4635(RPP), 2005 WL 1138470, at *2 (S.D.N.Y. May 12, 2005)); *Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x. 389, 391 (2d Cir. 2011) (summary order) (apparent negligence of plaintiff's former attorney not sufficient to establish good cause for amending the scheduling order under Rule 16(b)); *In re Fosamax Prods. Liab. Litig.*, No. 06-cv-9959(JFK), 2009 WL 137087, at *5 (S.D.N.Y. Jan 21, 2009) (the "failure of an attorney to investigate his or her client's claims diligently will not constitute good cause"). Thus, the Court finds that Plaintiffs have failed to demonstrate that there is good cause for the belated amendment.

Plaintiffs argue that even if the Court were to find that they have not been diligent in pursuing the pay frequency claim, the Court should nonetheless grant the motion because "there is no undue prejudice for Defendants." (Pls. Objs. at 5.) Plaintiffs cite to *Fresh Del Monte Produce, Inc.*, 304 F.R.D. at 175, and *Olaf Sööt Design, LLC*, 299 F. Supp. 3d at 399, to support their assertion that "the Second Circuit has 'left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment,' *absent a showing of undue prejudice* for the non-moving party." (Pls.

16

Objs. at 5 (emphasis in original.)   First, as discussed *infra*, Defendants would be unduly prejudiced by the belated amendment. Second, though district courts, in exercising their Rule 16(b) discretion, "*may* consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants," *Kassner*, 496 F.3d at 244 (emphasis added), "the primary consideration is whether the moving party can demonstrate diligence."[3]   *Id.*   Because Plaintiffs have failed to exercise diligence in pursuing their frequency of pay claim under the NYLL, the motion for leave to amend is respectfully denied.

## II.  Rule 15(a)(2) Standard

Even if the Court were to apply the liberal Rule 15(a)(2) standard, Plaintiffs' motion for leave to amend would still fail. Assuming, *arguendo*, that the frequency of pay claim might survive

---

[3] The Court overrules Plaintiffs' objection that Judge Bulsara erred in not considering undue prejudice, for the same reason.  The R. & R. applied Rule 16(b)'s good cause standard in denying Plaintiffs' motion for leave to amend. (*See* Order dated January 26, 2022 (". . . it could not be more apparent that in this case, *Liu I*, the time to amend the pleadings has long passed. . . . The motion also makes no attempt to explain why the motion to amend and add a claim for pay frequency under New York Labor Law § 191 . . . could not have been made years ago.  All the motion says is that *in September 2019*, over two and one-half years ago, counsel was alerted by a state court decision that such a claim was viable.  There is quite obviously no good cause to wait until now—several amendments later, after the close of discovery, and years after the deadlines to amend have passed--to add a claim that is based on facts that were undoubtedly known or discoverable well before now.").)  Hence, though the undue prejudice factor "*may* [have been] consider[ed]," *Kassner*, 496 F.3d at 244 (emphasis added), Judge Bulsara recommended that this Court deny the motion based on Plaintiffs' lack of diligence, which is "the primary consideration" for whether the moving party can demonstrate good cause.  *Id.*  For the foregoing reasons, Plaintiffs' objection is overruled.

a motion to dismiss,[4] the undue delay and prejudice factors weigh against granting the amendment.

### A.   Undue Delay

Plaintiffs argue that Judge Bulsara erred in denying their motion based on the procedural posture of this case because the parties are still conducting discovery, no summary judgment motion has been filed, and no trial date has been set. (Pls. Objs. at 3, 6.)  To show that discovery is still ongoing, Plaintiffs point to Judge Bulsara's rulings on "multiple discovery disputes on January 26, 2022," and the fact that Plaintiff Gao's deposition had not been taken at the time the objections were filed.  Fact discovery has been closed since June 30, 2021, (Order dated June 8, 2021), with the *narrow* exception of the deposition of Plaintiff Gao, who was in China and had to be compelled to appear after failing to appear for his deposition for eight months. (*See* ECF No. 101.)  Judge Bulsara's January 26, 2022 orders to which Plaintiffs allude were related to Defendants' motion to compel Plaintiff Gao's deposition, which was granted, (*see* ECF No. 112),

---

[4] The Court also overrules Plaintiffs' objection that Judge Bulsara erred in finding the instant motion frivolous.  Judge Bulsara did precisely what Plaintiffs contend that he failed to do; he determined, based on the applicable standard for amending pleadings—here, the Rule 16(b) standard which requires that the moving party show good cause—that Plaintiffs have failed to demonstrate good cause because they did not provide a sufficient explanation for waiting two-and-half years to add a claim the viability of which was publicly known since September 2019.  Irrespective of whether the pay frequency claim may have potential merit, to add a new claim after the deadline to amend has passed and this late into the litigation, Plaintiffs were required to make a showing of good cause—which they have not done.  Accordingly, Plaintiffs' objection is overruled.

and a separate motion by Defendants to conduct limited discovery of Plaintiff Liu's identity, (*see* ECF No. 102), which the Court denied.  (Order dated January 26, 2022.)  For the foregoing reasons, the Court finds that Judge Bulsara correctly found that Plaintiff's motion to amend in this near-four-year-old case is long overdue—"several amendments later, after the close of discovery, and years after the deadlines to amend have passed." (Order dated January 26, 2022.)  *See United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021) ("When a motion 'is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' the non-movant, such undue delay should weigh against granting leave to amend.") (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)).

### B.   Undue Prejudice

The Second Circuit has "allow[ed] amendments, even if there were substantial delay in seeking the same, unless the movant has acted in bad faith, the amendment will prejudice the nonmovant, or the amendment is futile." *Hall v. Potter*, No. 06-cv-5003(JFB), 2008 WL 11420080, at *2 (E.D.N.Y. Feb. 14, 2008) (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.")).

"[T]he longer the period of an unexplained delay,"
however, "the less will be required of the nonmoving party in terms
of a showing of prejudice." *Id.* (internal quotation marks omitted)
(quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d
Cir. 1983)); *Block*, 988 F.2d at 350.  *See Gause v. Suffolk Cnty.*,
No. 02-cv-4600(SJF), 2007 WL 330241, *1—*2 (E.D.N.Y. Jan. 25, 2007)
(denying plaintiff leave to amend the complaint to "expand on the
facts and allegations of one of the claims asserted," reasoning
that "the long period of unexplained delay between the filing of
the original complaint and this motion for leave to amend
require[d] a minimal showing of prejudice," the case was "not in
its infancy; it was commenced over four (4) years ago,"
"[d]iscovery [was] complete" and would "have to be reopened because
the proposed amendment asserts additional facts and allegations,"
"the Court [was] ready to entertain dispositive [sic] motions in
this case or set the case down for trial," and "[f]urther delay in
ultimately resolving this dispute [would] prejudice the
defendants."").  Here, as discussed *supra*, Plaintiffs have failed
to present any acceptable explanation for their 2.5-year delay;
accordingly, "less will be required of the nonmoving party in terms
of a showing of prejudice." *Hall*, 2008 WL 11420080, at *2

Plaintiffs contend that Defendants would not be prejudiced because the pay frequency claim is "closely related to" the other wage-and-hour claims asserted in the SAC, no further discovery is needed because complete payroll records for both Plaintiffs, which "conclusively confirmed the merit of this new claim," have already been produced, and "Defendants themselves have certainly always been fully aware of the frequency of pay that applied to Plaintiffs, which is closely related to Plaintiffs' other wage-and-hour claims." (Pls. Objs. at 9.)

Defendants argue that they would suffer undue prejudice if the proposed amendment were to be granted because discovery would have to be reopened regarding the claim elements. The Court agrees. Though Plaintiffs assert that the frequency of pay claim is "conclusively established" by Defendants' payroll records, for NYLL § 191(1)(a) to apply, Plaintiff would have to demonstrate their status as manual workers. NYLL § 190(4) defines "manual worker" to mean "a mechanic, workingman or laborer," NYLL § 190(4), and the New York Department of Labor has interpreted the term to include "employees who spend more than 25 percent of their working time performing physical labor." N.Y. Dep't of Labor Opinion Letter, No. RO-09-0066 (May 21, 2009). Thus, whether Plaintiffs qualify as manual workers is a fact-intensive inquiry that would require discovery to be reopened in this near-four-year-old

action.[5] And reopening discovery would involve, at the very least, re-deposing three Defendants and Plaintiff Liu, and production of additional documents to determine whether Plaintiffs spent more than 25 percent of their working time performing physical labor. *See Gonzales v. Gan Israel Pre-Sch*ool, No. 12-cv-6304(MKB), 2014 WL 1011070, at *12 (E.D.N.Y. Mar. 14, 2014) ("[T]he New York State Department of Labor looks at the duties performed by an employee in order to determine whether he or she is a 'manual worker' and makes a case-by-case determination"). *See also United States ex rel. Raffington*, 567 F. Supp. 3d at 438 ("Normally, mere allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice. However, the prejudice calculus changes when the motion to amend is made following the conclusion of discovery and the amendment would require the re-opening of discovery.") (internal quotation marks and citations omitted); *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 16-cv-10047(ALC), 2019

---

[5] In response to Defendants' assertion that the pay frequency claim would require additional discovery, Plaintiffs contend that the prejudice to Defendants is mitigated because discovery has already, in their view, established part of the claim they seek to newly add: that "[Defendants] paid Plaintiff Liu on a monthly basis for a substantial period of time, which is simply not allowed by the NYLL, regardless of whether [Liu] worked more than 25% of his working time performing physical labor." (*See* ECF No. 118, at 2.) However, even if Defendants' payroll records demonstrate that Plaintiff Liu was paid on a monthly basis during some portion of the relevant period, additional discovery is still required to further establish that Plaintiffs (as they assert) were manual workers and thus should have been paid on a weekly basis—a new factual issue raised by the pay frequency claim. (*See* Pls. Br. at 2 ("Both plaintiffs performed manual work, and thus should have been paid on a weekly basis pursuant to the NYLL.").)

WL 1873156, at *3 (S.D.N.Y. Apr. 26, 2019) (denying motion to amend and add new defendant after discovery had closed where "proposed amendment would require the reopening of discovery . . . and the re-deposition of plaintiff, the individual defendants and perhaps other witnesses as well").  Accordingly, because Defendants would suffer undue prejudice, Plaintiffs' motion for leave to amend is respectfully denied even under Rule 15(a)(2).

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiffs' objections, **ADOPTS** Judge Bulsara's well-reasoned R. & R. in its entirety, and respectfully **DENIES** the motion for leave to amend.

**SO ORDERED**

Dated:    July 22, 2022
          Brooklyn, New York

                                    /s/
                              **HON. KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York

23